18-2407-ag
*NLRB v. Green Apple Supermarket of Jamaica*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty.

PRESENT:     AMALYA L. KEARSE,
JOSÉ A. CABRANES,
PETER W. HALL,
*Circuit Judges*,

---

NATIONAL LABOR RELATIONS BOARD,

*Petitioner,*                                                    18-2407-ag

v.

GREEN APPLE SUPERMARKET OF JAMAICA, INC.,

*Respondent.*

---

FOR PETITIONER:              ELIZABETH HEANEY, Supervisory Attorney (Barbara A. Sheehy, Peter B. Robb, Alice B. Stock, and David Habenstreit, *on the brief*) *for* National Labor Relations Board, Washington, DC.

FOR RESPONDENT:              DAVID YAN, Law Offices of David Yan, Flushing, NY.

1

Petition for enforcement of a July 11, 2018 order of the National Labor Relations Board against Green Apple Supermarket of Jamaica, Inc.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the application is **GRANTED**.

Petitioner National Labor Relations Board ("the Board") petitions the Court to enforce a July 11, 2018 Order of the Board (the "Order") against Respondent Green Apple Supermarket of Jamaica, Inc. ("Green Apple"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We will confirm the Board's findings "with respect to questions of fact if [those factual determinations are] supported by substantial evidence on the record considered as a whole." 29 U.S.C. § 160(e). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *NLRB v. Pier Sixty, LLC*, 855 F.3d 115, 121–22 (2d Cir. 2017), *as amended* (May 9, 2017) (internal quotation marks omitted); *see also Abbey's Transp. Servs., Inc. v. NLRB*, 837 F.2d 575, 582 (2d Cir. 1988) ("Where competing inferences exist, we defer to the conclusions of the Board."). We will not overturn the Board's findings of fact unless we are "left with the impression that no rational trier of fact could reach the conclusion drawn by the Board." *NLRB v. G&T Terminal Packaging Co., Inc.*, 246 F.3d 103, 114 (2d Cir. 2001); *see also Pier Sixty*, 855 F.3d at 122 ("[W]e will not disturb the Board's adoption of an [administrative law judge's] credibility determinations unless the testimony is hopelessly incredible or the findings flatly contradict either the law of nature or undisputed documentary testimony." (internal quotation marks omitted)).

Section 8(a)(3) of the National Labor Relations Act (the "Act") prohibits an employer from "discriminat[ing] in regard to hire or tenure of employment or any term or condition of employment to . . . discourage membership in any labor organization." 29 U.S.C. § 158(a)(3). Section 8(a)(1) also forbids an employer from "interfer[ing] with, restrain[ing], or coerc[ing] employees," 29 U.S.C. § 158(a)(1), in the exercise of rights protected in Section 7 of the Act, such as "form[ing], join[ing] or assist[ing] labor organizations … [or] engag[ing] in other concerted activities for the purpose of collective bargaining or other mutual aid or protection," 29 U.S.C. § 157. *See Metro. Edison Co. v. NLRB*, 460 U.S. 693, 698 n.4 (1983) ("[A] violation of § 8(a)(3) constitutes a derivative violation of § 8(a)(1).").

Here, we agree with the Board's assertion that substantial evidence in this case supports the ALJ's findings that Green Apple violated Sections 8(a)(3) and (1) by disciplining and firing employees Anthony Smith ("Smith") and Joel Tineo ("Tineo") for engaging in protected union activities. The record before us supports the Board's conclusion that Green Apple's adverse actions against Smith and Tineo were motivated by Smith and Tineo's lawful union activities. *See NLRB v. Caval Tool Div.*, 262 F.3d 184, 191 (2d Cir. 2001) (noting that a finding of a Section 8(a)(1) violation

depends on a finding that "the discharge or other adverse personnel action was motivated by the protected activity" (internal quotation marks omitted)).

For example, the Board plausibly found that Smith and Tineo were engaged in union activity to organize the store's meat department, and that Green Apple had knowledge of this activity. *See* Sp. App'x 6, 15–16. The totality of the substantial evidence, including the Board's findings that Green Apple did not offer Smith and Tineo an opportunity to explain themselves before taking adverse action, as well as the timing of their firing, all contribute to the reasonable conclusion that Green Apple illegally sought to punish Smith and Tineo for engaging in activities protected by law. *See NLRB v. Windsor Indus., Inc.*, 730 F.2d 860, 864 (2d Cir. 1984) ("[T]he abruptness of a discharge and its timing are persuasive evidence as to motivation." (internal quotation marks omitted)). Similarly, substantial evidence supports the Board's determination that the ostensibly nondiscriminatory reasons proffered by Green Apple to explain the discharges were pretextual. *See, e.g., Wright Line*, 251 N.L.R.B. 1083 (1980), *enforced*, 662 F.2d 889 (1st Cir. 1982). Additionally, we are not persuaded by Green Apple's arguments that the Board erred in adopting the ALJ's credibility determinations regarding Smith and Tineo because nothing in the record before us suggests that the underlying testimony is "hopelessly incredible" or that the ALJ's determinations "flatly contradict either the law of nature or undisputed documentary testimony." *Pier Sixty*, 855 F.3d at 122.

We likewise agree with the Board that it is entitled to summary enforcement of the portions of the Order that Green Apple does not challenge before us. *See NLRB v. Consol. Bus Transit, Inc.*, 577 F.3d 467, 474 n.2 (2d Cir. 2009) (granting summary affirmance to portions of an order of the Board where certain identified violations were uncontested).

## CONCLUSION

We have reviewed all of the arguments raised by Green Apple and find them to be without merit. For the foregoing reasons, we **GRANT** the Board's application for enforcement of the July 11, 2018 Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3